PLEASE CONFORM

TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
JOSHUA J. WES SBN 238541
joshua.wes@tuckerellis.com
LAUREN H. BRAGIN SBN 286414
lauren.bragin@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendants
ETHICON, INC., ETHICON LLC, and
JOHNSON & JOHNSON

FILED 2014 SEP 22 PM 2:12

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| LOURDES HEREDIA, AUDREY DAVIS, MARIA RODRIGUEZ, LORRAINE GOMEZ, BARBARA ARNOLD, BARBARA CAMPBELL, DOLORES BREEN, PATRICIA PHILLIPS, NANCY VENDUR, TERRI GALL, JOYCE ROYER, AMY HUNTER, BRANDIE CHAFFIN, JANET HAMILTON, ALINA BRACCIODIETA, MICHELLE PETRILLO, KATHI PRICE, NEVA JOHNSON, MARIA MILBURY, BERTHA CEJA, SHARON GADOWSKI, DEENA SIERRA, AGNES BIELEC, MARLIS CARSON, CAROLYN GREEN, THERESA FIX, MARY SULLIVAN, MARILYN BOONE, MARY LEE BASSETT, JOANNE CZESLAWSKI, REBECCA MCVEY, PEGGY GILLENWATER, GAIL CLEMENT, MARCY DUCHARME, MARIA RIVERA, SHARON ROBINSON, KATHLEEN O'NEILL, BEATRIZ GANDARILLA, DINAH TAYLOR, DEBBIE POWELL, PATRICIA GLAZIER, RITA HURT, BETTY PATTERSON, MARSHA EDEN, VADA BIBLE, MELVA BLAIR, VIRGINIA WEHNER, BRENDA HAWKINS, EMMA CLARK, KAREN | CASE NO.: SACV 14 - 01530 JLS (RNBx)<br><br>[Removal from Superior Court of California, County of Orange, Case No. 30-2014-00706619-CU-PL-CXC]<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(A), 1332(D)(11), AND 1453 (CAFA) OF DEFENDANTS JOHNSON & JOHNSON; ETHICON, INC.; AND ETHICON LLC**<br><br>State Action Filed: February 18, 2014<br><br>[Filed concurrently with Declaration of Joshua J. Wes, Notice of Related Cases, and of Pendency of Other Action or Proceeding, and Certification of Interested Parties] |

```
FARMER, CAROLINE WRIGHT,        )
BONNIE MCCOY, IMOGENE           )
BATEMON, CHRISTINE CRAWFORD,    )
STEPHANIE SMITH, SARAH          )
DANSBY, DEATRIA COPEMAN,        )
IRMA RAMIREZ, ROSE HILTON,      )
VIOLET JOHNSON, SUSAN           )
ANDERSON, ALICE HAMILTON, and   )
GINA HAMM,                      )
                                )
              Plaintiffs,       )
                                )
    v.                          )
                                )
JOHNSON & JOHNSON, a New Jersey )
Corporation; ETHICON, INC., a New )
Jersey Corporation; ETHICON LLC, a )
Limited Liability Company; and DOES 1 )
through 500, Inclusive,         )
                                )
              Defendants.       )
```

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(11), 1446(b)(3), and 1453, Defendants Johnson & Johnson, a New Jersey Corporation ("J&J"); Ethicon, Inc., a New Jersey Corporation ("Ethicon, Inc."); and Ethicon LLC, a Limited Liability Company ("Ethicon LLC") (collectively, "Defendants") timely remove this pelvic mesh products liability action styled *Lourdes Heredia et al. v. Johnson & Johnson, Inc., a New Jersey Corporation et al.*, filed by 63 individual plaintiffs, from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

## I. BACKGROUND

In a span of seven days in February of this year, the same counsel filed this 63-plaintiff action and three other multi-plaintiff cases, with 284 additional plaintiffs, raising virtually identical claims and allegations in the Superior Courts of Orange and Los Angeles counties. On August 22, 2014, Plaintiffs moved under Cal. Civ. P. Code § 404

to coordinate all four cases before a single judge for "all purposes" in order to "avoid duplicative or inconsistent rulings, orders, and judgments." Together, the four cases subject to the coordination motion include a total of 347 plaintiffs, well over the 100-plaintiff threshold for "mass actions" under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(11).[1] Based on existing authority from three other Federal appellate courts, a coordination petition like that filed here constitutes a request that claims be "tried jointly" for purposes of CAFA subject matter jurisdiction, and this district court has jurisdiction over these proceedings under 28 U.S.C. § 1332(d)(11).

The Ninth Circuit recently heard en banc argument concerning removal of multi-plaintiff cases on the same facts as those here. After vacating a divided panel opinion that affirmed the remand of a series of multi-plaintiff cases subject to a Cal. Civ. P. Code § 404 coordination petition, *see Romo v. Teva Pharms. USA*, No. 13-56306, 2014 U.S. App. LEXIS 2497 (9th Cir. Feb. 10, 2014), the Ninth Circuit granted en banc rehearing and argument was held June 19, 2014. Like the plaintiffs here, the *Romo* plaintiffs sought coordination of complaints raising nearly identical questions of fact and law under Cal. R. Civ. P. § 404. *See* Pet. for Coord., *Romo v. Teva Pharms USA.*, 5:12-cv-02036 (C.D. Cal. Nov. 20, 2012) (ECF No. 2, Ex. 2). The en banc decision in *Romo* will almost certainly guide the result in this case.

## II.
## GROUNDS FOR REMOVAL

The United States District Court for the Central District of California has subject matter jurisdiction of this civil action pursuant to the Class Action Fairness Act ("CAFA"), which provides for federal jurisdiction over the claims of more than 100 plaintiffs who propose that any part of their claims be tried jointly. 28 U.S.C. § 1332(d)(11)(B)(i).

---

[1] Earlier this year, Defendants removed this case on different grounds—diversity due to jurisdictional manipulation by plaintiffs—but this Court remanded it. See Order, 8:14-cv-00596 (June 18, 2014) (ECF No. 30). The present grounds for removal have not previously been raised and did not exist until plaintiffs provided notice of their coordination motion to Defendants on August 25, 2014.

In support of removal, Defendants further state as follows:

1. On or about February 18, 2014, 63 plaintiffs filed an action styled *Heredia et al. v. Johnson & Johnson et al.*, in the Superior Court of the State of California, County of Orange, Case No. 30-2014-00706619-CU-PL-CXC. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants is attached to the Declaration of Joshua J. Wes ("Wes Decl.") in Support of Removal as Exhibit A. Plaintiffs all allege that they were injured by one of Defendants' pelvic mesh devices for treatment of stress urinary incontinence or pelvic organ prolapse and assert claims for negligence; negligence per se; strict liability–design defect; strict liability–manufacturing defect; strict liability–failure to warn; breach of implied warranties; and gross negligence. Compl. ¶¶ 145-211.

2. On or about February 18, 2014, 95 plaintiffs filed an action styled *Baron et al. v. Johnson & Johnson et al.*, in the Superior Court of the State of California, County of Orange, Case No. 30-2014-00706561-CU-PL-CXC. The attorneys bringing the *Baron* Complaint are the same as the attorneys in *Heredia*, and the Complaint is substantively identical.

3. Just before filing *Heredia* and *Baron*, on or about February 13, 2014, the same attorneys filed two actions in the Superior Court of the State of California, County of Los Angeles: *Vasquez et al. v. Johnson & Johnson et al.*, Case No. BC536448, on behalf of 95 plaintiffs, and *Rappuchi et al. v. Johnson & Johnson et al.*, Case No., BC536366, on behalf of 94 plaintiffs. The claims and allegations in both cases are virtually identical to each other and to those asserted in *Heredia* and *Baron*.

4. On April 16, 2014, Defendants removed this case to the United States District Court for the Central District of California, arguing that the cases were removable because plaintiffs had manipulated jurisdiction. This Court disagreed and remanded the action on June 18, 2014.

5. On August 22, 2014, plaintiffs in all four cases filed a Petition for Coordination and Application for Stay Order with the Chair of the Judicial Council of

California, requesting that the cases be coordinated under Cal. Code Civ. P. § 404 *et seq.* and Cal. R. Ct. 3.500, *et seq.*, and stayed pending the Judicial Council's decision on the Petition. Defendants first received notice of plaintiffs' Petition at a hearing on August 25, 2014, and it was served by electronic mail on August 26, 2014. Wes Decl. ¶ 4. A true and correct copy of Plaintiffs' Notice of Submission of Petition for Coordination served in the *Heredia* action on August 26, 2014 attaching a copy of Plaintiffs' Petition for Coordination and Application for Stay Order is attached to the Declaration of Joshua J. Wes as Exhibit B.

6. Coordination under Cal. Civ. P. Code § 404 places the cases before a single judge for "all purposes." Cal. Civ. P. Code § 404.1.

7. The Petition and supporting memorandum argue that the cases "allege virtually identical legal and factual theories" and should be coordinated for efficiency, convenience, to increase the possibility of settlement, and to "avoid duplicative or inconsistent rulings, orders, and judgments." Pet. at 5.

8. Persuasive authority from the Seventh, Eighth and Tenth Circuits establishes that when more than 100 plaintiffs take the affirmative step of proposing coordination of their claims to avoid duplicative or inconsistent rulings, orders, and judgments, they have requested a joint trial within the meaning of CAFA. *See Parson v. Johnson & Johnson*, , 749 F.3d 879, 889 (10th Cir. 2014); *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1164-66 (8th Cir. 2013); *In re Abbott Labs., Inc.*, 698 F. 3d 568, 573 (7th Cir. 2012).

9. The Ninth Circuit recently considered this issue en banc in argument held June 19, 2014 in *Romo v. Teva Pharms.*, but has yet to issue its decision. Notice, *Romo v. Teva Pharms. USA*, No. 13-56310 (9th Cir. June 19, 2014) (ECF No. 118). The en banc rehearing followed the court's decision to vacate a divided panel opinion that had affirmed remand of cases removed as a CAFA mass action in circumstances similar to those here. *Romo v. Teva Pharms. USA*, No. 13-56306, 2014 U.S. App. LEXIS 2497 (9th Cir. Feb. 10, 2014) (panel opinion "shall not be cited as precedent"). *Id.*

10. It is likely that the Ninth Circuit's decision in *Romo* will provide guidance on the question of whether CAFA mass action jurisdiction lies here, and the Court should therefore consider staying consideration of any motion to remand that may be filed in this case until after the Ninth Circuit issues its en banc opinion in *Romo*. Should the Court decide the issue before then, however, jurisdiction plainly lies under the reasoning in *Abbott Laboratories*, *Atwell*, and *Parson*.

## III.
## REMOVAL IS PROPER BECAUSE THE PLAINTIFFS HAVE PROPOSED A JOINT TRIAL WITHIN THE MEANING OF CAFA.

### A. The Amount in Controversy Requirement is Satisfied

11. CAFA provides original jurisdiction over mass actions in which the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, *see* 28 U.S.C. § 1332(d)(2), but only for "those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [28 U.S.C. § 1332(a)]," $75,000.00. *See* 28 U.S.C. § 1332(d)(11)(B).

12. It is facially evident from the Complaint that as to each Plaintiff, the amount in controversy exceeds $75,000.00. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997). A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

13. Plaintiffs allege that each one has suffered "severe injuries and damages" and has "sustained in the past, and will sustain in the future, pain and suffering, mental anguish, emotional distress, disfigurement, physical impairment, embarrassment and humiliation, psychological injury, a reasonable and traumatic fear of an increased risk of additional injuries, progression of existing conditions, and other serious injury and loss."

Compl. ¶¶ 133, 140. Plaintiffs seek damages for past and future medical expenses, as well as lost wages, lost earning capacity, and other damages. Compl. ¶¶ 141-42, 215.

14. It is plain based on these allegations that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *see also McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy established by "alleged damages for property, travel expenses, and emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation and her temporary inability to do housework.")).

15. In addition, Plaintiffs seek punitive or exemplary damages and attorneys' fees. Compl. ¶¶ 216-17, and Prayer. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

16. Other cases brought by plaintiffs alleging similar severe pain, infection, and corrective surgeries have resulted in verdicts in excess of $75,000.00, exclusive of interest and costs. Wes Decl. ¶ 6, Exhibits C and D. Given the similarity between the injuries alleged in other cases and the injuries alleged by Plaintiffs here, and based on defense counsel's experience defending products liability actions, it is facially evident from the Complaint that each Plaintiff has placed in excess of $75,000.00 in controversy, exclusive of interest and costs. *Id.*

17. Thus, on the face of Complaint, the amount in controversy for each Plaintiff exceeds $75,000.00, exclusive of interest and costs, and this jurisdictional requirement is satisfied.

18. There are a total of 347 Plaintiffs in the four cases, each with claims exceeding $75,000.00. The total claims thus exceed $26,025,000.00, well above the required $5,000,000.00 threshold for jurisdiction under 28 U.S.C. § 1332(d)(11)(B).

### B. The Diversity Requirement is Satisfied

19. CAFA provides jurisdiction over class actions, including mass actions, in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Put differently, CAFA simply requires minimal diversity rather than complete diversity of citizenship.

20. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in New Brunswick, New Jersey. Wes Decl. ¶ 7.

21. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc. is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in Somerville, New Jersey. Wes Decl. ¶ 8.

22. The citizenship of the John Doe defendants shall not be considered for purposes of determining diversity jurisdiction, as these are fictitious defendants. See 28 U.S.C. § 1441(b) ("[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

23. Notice Pursuant to Fed. R. Civ. P. 44.1 of the Applicability of Foreign Law with Respect to the Citizenship of the Members of Ethicon LLC: Defendant, Ethicon LLC, is, and was at the time the state action was commenced, a limited liability company organized under the laws of the State of Delaware. Wes Decl. ¶ 9. For purposes of determining the citizenship of Ethicon LLC, it is a citizen of each state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). The sole member of Ethicon LLC is Ethicon PR Holdings. Ethicon PR Holdings is, and was at the time the state action was commenced, a Private Unlimited Company organized under the laws of Ireland with its principal place of business in County Cork, Ireland. Wes Decl. ¶ 9. The laws of Ireland apply to whether Ethicon PR

Holdings is a juridical entity. *See Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 298-99 (5th Cir. 2010); *Baja Dev. LLC v. TSD Loreto Partners*, No. 09-756, 2010 WL 1758242, *4 (D. Ariz., Apr. 30, 2010). Pursuant to Section 18.2 of The Companies Act, 1963 of the Republic of Ireland; *Salomon v. A. Salomon & Co Ltd.*, [1897] A.C. 22, and *Foss v. Harbottle,* 2 Hare 461, 67 E.R. 189 (1843), Ethicon PR Holdings is a juridical entity under the laws of Ireland that is entitled to sue and be sued in its own name.

24. The 63 Plaintiffs listed in the Complaint are citizens of 22 different states: Alabama, Arkansas, California, Florida, Georgia, Idaho, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Mississippi, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and Virginia. Compl. ¶¶ 4-66.

25. The requirement of minimal diversity for CAFA subject matter jurisdiction is met here because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A).

### C. CAFA Provides Jurisdiction Over Mass Actions

26. Through the Class Action Fairness Act ("CAFA"), Congress provided federal subject matter jurisdiction over "mass actions," defined as "any civil action[s] . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). CAFA's "primary objective" is "ensuring Federal court consideration of interstate cases of national importance," *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (quoting CAFA). CAFA is also designed to ensure that "plaintiffs' lawyers who prefer to litigate in state courts [are no longer able] to easily 'game the system' and avoid removal of large interstate class actions to federal court." S. Rep. No. 109-14, at 10 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 11.

27. A joint trial can take different forms, so long as some part of plaintiffs' claims are being "determined jointly." *In re Abbott Labs.*, 698 F.3d at 573. Plaintiffs propose a joint trial whenever they propose that claims be determined jointly "in any respect." 151 Cong. Rec. H723, H729 (daily ed. Feb. 17, 2005) (statement of Rep.

Sensenbrenner). Further, "[w]hether Plaintiffs' claims ultimately proceed to a joint trial is irrelevant." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013); *see also Bullard v. Burlington Northern Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. Ill. 2008) ("It does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed.").

28. Every *non-vacated* Circuit Court decision addressing a scenario where multiple plaintiffs propose to coordinate cases for all purposes has found that this type of coordination activity is a proposal for a joint trial. The Seventh Circuit held that plaintiffs' proposal for a single judge to preside over several hundred plaintiffs' claims established jurisdiction under CAFA, despite plaintiffs' insistence that they never addressed *how* the trials of the various claims in the cases would be conducted. *In re Abbott Labs.*, 698 F.3d at 572. The Eighth Circuit held that plaintiffs' motion for special assignment of three cases with 136 total plaintiffs to a single judge created federal jurisdiction under CAFA, even though plaintiffs did not explicitly seek consolidation. *Atwell*, 740 F.3d at 1165-66. In contrast, where plaintiffs filed separate cases and neither plaintiffs nor the court took affirmative steps to consolidate or coordinate the cases, the Tenth Circuit held that removal as a mass action under CAFA was premature. *Parson*, 749 F.3d at 889. But while removal was premature where plaintiffs had not sought coordination between separate cases, each with fewer than 100 plaintiffs, the Tenth Circuit went out of its way to "emphasize that our decision rests on the facts currently presented to us" and that any subsequent action by plaintiffs could change its analysis. *Id.* at 892; *see id.* at 894 (Anderson, J., concurring) (agreeing that where plaintiffs file coordination petition, they implicitly request a joint trial, bringing cases within mass action provision).

29. *Tanoh v. Dow Pharmaceuticals et al.* does not compel a contrary result. 561 F.3d 945 (9th Cir. 2009). *Tanoh* considered only whether completely "separate state court actions," where no party requested any kind of coordination or consolidation, could be removed as a mass action. *Id.* at 953. The now-vacated panel opinion in *Romo*

explicitly acknowledged the absence of authority on the question of whether a case coordinated under JCCP may be removed as a "mass action," calling it "an issue of first impression in this circuit." *Romo*, 731 F.3d at 921, *vacated*, *Romo v. Teva Pharms. USA*, No. 13-56306, 2014 U.S. App. LEXIS 2497 (9th Cir. Feb. 10, 2014). Therefore, this Court can and should consider the guidance of other courts and determine that Plaintiffs have proposed that their claims be "tried jointly."

### D. JCCP Coordination is Coordination for Trial

30. By requesting coordination of all four cases into a single California Judicial Coordination Council Proceeding ("JCCP") under Cal. Civ. P. Code § 404, Plaintiffs have requested a joint trial.

31. Coordination through the JCCP is necessarily coordination through trial. Coordination consists of "one judge hearing all of the actions for all purposes." Cal. Civ. P. Code § 404.1, and permits the assigned judge to "conduct . . . a trial or trials." Cal. Rule of Court 3.541(b). Coordination may be granted "if it will promote the ends of justice," taking into account several factors, including " the disadvantage of duplicative and inconsistent rulings, orders, or *judgments*[.]" Cal. Civ. P. Code § 404.1 (emphasis added).

32. Notably, there is no mechanism in the JCCP process to coordinate only *part* of the proceedings in a group of cases, so a request for coordination before the JCCP must be coordination through trial, whether the ultimate proceeding is a single mass trial, a series of multi-plaintiff cases, or a system of bellwether trials. *Romo v. Teva Pharmaceuticals, USA, Inc.*, 731 F.3d 918, 927 (9th Cir. 2013) (Gould, J., dissenting) ("inconsistent judgments and conflicting determinations of liability . . . could only be addressed through some form of joint trial."), *vacated*, *Romo v. Teva Pharms. USA*, No. 13-56306, 2014 U.S. App. LEXIS 2497 (9th Cir. Feb. 10, 2014); *Atwell*, 740 F.3d at 1165 (quoting *Romo*, 731 F.3d at 928 (Gould, J., dissenting) ("it seems an inevitable result, that these varied actions must be tried together, or coordinated in a way to avoid inconsistent results as with bellwether trials, which amounts to the same thing.")).

33. Unlike the federal multi-district litigation ("MDL") process, there is no designated mechanism in the JCCP process for the transferee court to send a case back to the transferor court for trial. *See* 28 U.S.C. § 1407(a). Thus, there is no possibility that a proposal to coordinate proceedings through the JCCP is a request to coordinate them "solely" for pretrial proceedings. *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(IV) (the term "mass action" does not include claims that are "consolidated or coordinated solely for pretrial proceedings"). As one of the cases cited in Plaintiffs' Memorandum in Support of Coordination explains, coordination provides consistency not just for pretrial rulings, but also for *trial rulings*, so they can be "accomplished in a manner permitting uniform and centralized resolution on appeal." *McGhan Medical Corp. v. Sup. Ct.*, 11 Cal. App. 4th 804 (Cal. App. 4th Dist. 1992). By moving to coordinate cases under Cal. Civ. P. Code § 404, Plaintiffs have proposed a joint trial within the meaning of CAFA.

34. Plaintiffs' Memorandum in Support of Coordination describes the substantive and possibly dispositive matters that will be determined jointly through the coordinated proceeding, "including but not limited to: (1) the adequacy of the warnings; (2) proximate causation related to the warnings; and (3) Petitioners basis or evidence that J&J pelvic mesh causes the alleged injuries. These motions will be brought in most cases and will be similar." Mem. in Supp. Pet. at 5. It continues, "[a]ll of the cases, including the present case, raise similar overlapping factual and legal issues about the adequacy of the warnings for J&J pelvic mesh and scientific causation (including general and specific causation). Centralized management of these cases will promote efficient resolution of threshold issues applicable to each case." *Id.* at 6; *see also id.* at 7 ("A single presiding judge will be able to review and rule upon motions applicable to all cases—from discovery disputes and pleading issues to motions involving expert testimony or summary judgment."). The Petition and Memorandum thus make clear that coordination will result in coordinated determination of all substantive elements of these cases.

35. Here, the causal connection between the petition being granted and the joint resolution of all the cases is explicit. *See* Cal. Civ. P. Code § 404.1 (coordination is

before one judge for "all purposes"). There is no procedure in the JCCP for isolating coordination to only pretrial proceedings. Courts have been clear that these types of requests are requests for a joint trial,[2] and so CAFA provides federal court jurisdiction over this case.

## IV.
## IF THE COURT WERE TO QUESTION THE EXISTENCE OF JURISDICTION UNDER CAFA, IT SHOULD STAY ANY REMAND PENDING THE NINTH CIRCUIT'S EN BANC DECISION IN *ROMO*

36. The foregoing pragmatic well-reasoned appellate authorities from the Seventh, Eighth, and Tenth Circuits establish the Court's jurisdiction over plaintiffs' claims pursuant to CAFA's mass action provision. If the Court were nevertheless to question these decisions, the determination of any remand motion filed in this case should be stayed until the Ninth Circuit issues its en banc decision in *Romo*. As one California court observed, "ruling on the propriety of CAFA removal in these circumstances would waste time and resources for the Court and the parties, and could lead to inconsistent rulings on recurring issues of law; the Ninth Circuit's decision in *Romo* should resolve the legal issues implicated by Plaintiff's motion for remand." *Stark v. Pfizer*, Case No. 14-cv-01488-JST, 2014 U.S. Dist. LEXIS 88250 at *5 (N.D. Cal. June 27, 2014) (staying transfer to MDL pending outcome of *Romo* en banc proceedings). Similarly, the Sixth Circuit stayed resolution of petitions to appeal remand orders where it believed the outcome of *Romo* would determine the propriety of remand. *In re McKesson Corp.*, Nos. 13-0504, et al. (6th Cir. Mar. 5, 2014), attached as Exhibit E to the Declaration of Joshua J. Wes.

---

[2] There is no requirement that the Plaintiffs explicitly characterize their request as a request for a joint trial for jurisdiction to attach; rather, courts "should be looking at the reality of [a] joint trial proposal, not at how a party may characterize its own actions." *Romo v. Teva Pharms. USA, Inc.*, 731 F.3d 918, 925 (9th Cir. 2013) (Gould, J., dissenting); *see also Atwell*, 740 F.3d at 1164 (verbal disclaimer that plaintiffs do not seek consolidation for trial does not negate the fact that their actions may still constitute an implicit proposal for a joint trial). To do otherwise would encourage rather than discourage the kind of gamesmanship CAFA was meant to combat. 151 Cong. Rec. at H729 (CAFA was enacted "to put an end to the type of gaming engaged in by plaintiffs' lawyers to keep cases in State court [and] should thus be interpreted with this intent in mind.").

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

37. While a number of courts have refused to stay consideration of remand motions pending the result in *Romo*, *see e.g.*, *Heller v. AstraZeneca LP*, LA CV14-04170 JAK (SHx), 2014 U.S. Dist. LEXIS 91927 at *3 (C.D. Cal. July 2, 2014) (citing the vacated panel holding in *Romo*); *Golden v. AstraZeneca Pharms. LP*, 2014 U.S. Dist. LEXIS 92722 (C.D. Cal. June 9, 2014); these decisions largely avoid substantive analysis of whether a stay is appropriate. *See, e.g.*, *Sawyer v. AstraZeneca Pharms. LP*, 14-4050 PSG (Jcx), 2014 U.S. Dist. LEXIS 92729 at * 1 (June 13, 2014) (issuing a one-sentence order). A stay is "appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Factors to be considered include "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]" *Id.* (internal citations omitted). Here, a stay would not prejudice the non-moving party, because a decision to stay is unlikely to delay the resolution of the case in any substantial fashion—en banc oral argument in *Romo* took place over two months ago, so a decision should be issued in due course. And the inequity to the moving party if the action is not stayed is substantial: a decision to remand these cases would permanently destroy Defendants' ability to remove them, even if a decision in *Romo* supporting Defendants' position is issued the very next day. Further, decisions refusing requests to stay remand determinations pending the outcome of *Romo* were issued around the time of the en banc argument, when a stay would have resulted in a significant delay in the case's disposition. Now, more than two months later, it is likely that a decision is imminent. Ninth Circuit Rule 5.7(b) provides that a majority opinion should be circulated within forty-five days of the submission of an en banc case, and dissenting or other separate opinions circulated within thirty days of the majority opinion. Although these are not definite timelines, the seventy-fifth day after the June 19, 2014 argument in *Romo* passed on September 2, 2014, so it is reasonable to anticipate that a decision will be issued in a time frame that will not substantially delay the resolution of these cases.

## V.
## DEFENDANTS HAVE SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

38. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon J&J, Ethicon, Inc., and Ethicon LLC are attached as Exhibit A to the Declaration of Joshua J. Wes.

39. Orange County, California, is located within the Central District of California, Southern Division, *see* 28 U.S.C. § 84(c)(2), and, venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Central District of California, Southern Division, is the "district and division embracing the place where such action is pending."

40. Defendants received notice of Plaintiffs' Petition for Coordination on August 25, 2014. Wes Decl. ¶ 4. The Petition is a "motion, or other paper, indicating the existence of Federal jurisdiction" under the Class Action Fairness Act. *See* 28 U.S.C. § 1446(b)(3). This Notice of Removal is filed within 30 days of August 25, 2014, so it is timely pursuant to 28 U.S.C. § 1446(b)(3).

41. No previous application has been made for the relief requested herein.

42. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

43. Defendants J&J; Ethicon, Inc.; and Ethicon LLC will promptly file a copy of this Notice with the Clerk of Court in the Superior Court of the State of California, County of Orange, as required by 28 U.S.C. § 1446(d).

44. By removing this action to this Court, Johnson & Johnson; Ethicon, Inc.; and Ethicon LLC do not waive any defenses, objections, or motions available under state or federal law. J&J, Ethicon, Inc., and Ethicon LLC expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

WHEREFORE, J&J, Ethicon, Inc., and Ethicon LLC give notice that the matter bearing civil action number 30-2014-00706619-CU-PL-CXC in the Superior Court of the State of California, County of Orange, is removed to this Court pursuant to 28 U.S.C. § 1332 *et seq.* Defendants further request that this Court stay the case until the Ninth Circuit's en banc decision in *Romo v. Teva Pharmaceuticals USA* is issued.

DATED: September 22, 2014        Tucker Ellis LLP


By: /s/ Joshua J. Wes
Joshua J. Wes
Attorneys for Defendants
JOHNSON & JOHNSON; ETHICON, INC.; AND ETHICON LLC

# CERTIFICATE OF SERVICE

I, Cynthia M. Harris, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **September 22, 2014**, I served the following: **NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(A), 1332(D)(11), AND 1453 (CAFA) OF DEFENDANTS JOHNSON & JOHNSON; ETHICON, INC.; AND ETHICON LLC** on the interested parties in this action by:

(X)     **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X)     **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, addressed as follows:

    Mark P. Robinson, Jr., Esq.
    Karen Barth Menzies, Esq.
    Daniel S. Robinson, Esq.
    Shannon Lukei, Esq.
    Amanda Robinson, Esq.
    ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.
    19 Corporate Plaza Dr.
    Newport Beach, CA 92660
    *Attorneys for Plaintiffs*

    Clayton A. Clark, Esq.
    Scott A. Love, Esq.
    CLARK, LOVE & HUTSON, G.P.
    440 Louisiana Street, Suite 1600
    Houston, TX 77002
    *Attorneys for Plaintiffs*

for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)     I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **September 22, 2014**, at Los Angeles, California

                                  /s/ Cynthia M. Harris
                                  CYNTHIA M. HARRIS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Lourdes Heredia, et al.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Johnson & Johnson, Ethicon, Inc., Ethicon, LLC, and Does 1 through 500

**(b) County of Residence of First Listed Plaintiff** Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Middlesex County, New Jersey
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Mark P. Robinson, Jr., Esq.
Karen Barth Menzies, Esq.
Daniel S. Robinson, Esq.
ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.
19 Corporate Plaza Dr.
Newport Beach, CA 92660
949-720-1288 (Attorneys for Plaintiffs)

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Mollie F. Benedict, Esq.
Joshua J. Wes, Esq.
Lauren H. Bragin, Esq.
TUCKER ELLIS LLP
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071
213-430-3400 (Attorneys for Defendants)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a civil action between diverse parties and is removable under 28 U.S.C. Sections 1332, 1446, and 1453.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | | | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☒ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **SACV 14 - 01530 JLS (RNBx)**

CV-71 (06/14) CIVIL COVER SHEET Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☒ Yes  ☐ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes  ☐ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question B.2. |
|---|---|---|
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes  ☐ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question C.2. |
|---|---|---|
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes  ☐ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes  ☐ No<br>If "yes," your case will initially be assigned to the EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Southern |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (06/14)  CIVIL COVER SHEET  Page 2 of 3

American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court?   ☐ NO   ☒ YES

If yes, list case number(s): 8:14-CV-00596-JGB-SP

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed in this court?   ☐ NO   ☒ YES

If yes, list case number(s): 8:14-CV-00591-JGB-SP; 2:14-CV-002916-JGB-SP; 2:14-CV-02915-JGB-SP

Civil cases are related when they: (1) arise from the same or a closely related transaction, happening, or event; (2) call for determination of the same or substantially related or similar questions of law and fact; or (3) for other reasons would entail substantial duplication of labor if heard by different judges. That cases may involve the same patent, trademark or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** /s/ Joshua J. Wes          DATE: September 22, 2014
Joshua J. Wes (SBN 238541)

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com